UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WOOD MATERIALS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-10955** |
| **BERKLEY INSURANCE COMPANY, ET AL.** | **SECTION: "B" (4)** |

## ORDER

Before the Court is the Plaintiff's **Motion to Compel Production of Documents (R. Doc. 49)** seeking an order compelling the Defendants to produce withheld documents from their privilege log, requiring Defendant Tikigaq Construction, LLC to ask its employees to search their email for documents responsive to requests for production, and produce documents in response to Request for Production No. 16. The motion is opposed. R. Doc. 50. The motion was heard on the briefs.

The Scheduling Order states that "fact depositions for trial use shall be taken and all fact discovery shall be completed no later than Friday, April 6, 2018" and "all expert depositions for trial use shall be taken and all expert discovery shall be completed no later than Friday, April 20, 2018." R. Doc. 42. As this Court has previously stated, "[c]ompletion of discovery means that ... any related discovery disputes must be resolved by the deadline as well." *Global Int'l Marine, Inc. v. HLC Tugs, LLC*, No. 09-1375, 2010 WL 1158478, at *1 (E.D. La. July 19, 2010) (citing *Front-Line Promotions & Mktg., Inc. v. Mayweather Promotions, LLC*, No. 08-3208, 2009 WL 928568, at *4 (E.D. La. Apr. 2, 2009) (Roby, J.)). This means that a motion to compel discovery must be resolved, not just filed, by the discovery deadline.

The instant motion to compel was filed on April 18, 2018. R. Doc. 49. The motion was set for hearing on May 2, 2018. *Id.* The date of filing the motion to compel was outside of the fact

discovery deadline and the date for hearing is outside of both the fact and expert discovery deadline and could not be resolved within the Scheduling Order. Accordingly, because the motion to compel could not be resolved within the Scheduling Order's deadline, the Plaintiff is required to provide good cause why they should be permitted to seek discovery after the deadline.

In determining whether a party has provided good cause to seek discovery beyond the deadline set in the Scheduling Order, Courts may examine four factors: "(1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice." *Huey v. Super Fresh/Sav-A-Center, Inc.*, No. 07-1169, 2008 WL 2633767, at *1 (E.D. La. June 25, 2008) (citing *S & W Enters., LLC v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., LLC*, 315 F.3d at 535 (internal quotations and citations omitted).

The Court finds that the Plaintiff has not established that good cause exists to pursue discovery beyond the deadline established by the District Court. The Plaintiff does not address the untimeliness of the motion, the good cause factors, or make any argument as to why good cause exists for its untimely motion. Further, Local Rule 7.4 states that if a motion requires consideration of facts not in the record the movant must file and serve all evidence supporting the motion. LR 7.4. The Plaintiff has not attached the privilege log in dispute, any of the propounded requests for production including the date served, or the deposition excerpt relied on in the motion. As such, even if the motion was not untimely the Plaintiff did not provide necessary information for the Court to properly decide the motion. The Court finds that the lack of good cause for the untimely motion as well as the failure to attach the necessary evidence requires the motion to be denied.

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Compel Production of Documents (R. Doc. 49)** is **DENIED.**

New Orleans, Louisiana, this 9th day of May 2018.

**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**

3